## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRUCE M. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:11-cv-741-SEB-DML |
| | ) | |
| CITY OF BLOOMINGTON, INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Granting Motion for Summary Judgment
### and Directing Issuance of Final Judgment

The parties to this civil rights action are plaintiff Bruce Anderson (ΑAnderson") and the City of Bloomington, Indiana ("the City").

Anderson alleges that the City of Bloomington, Indiana rules of public comment violate his rights under the First Amendment to the United States Constitution. He also alleges that a May 17, 2010, letter that was signed by City officials and sent to the Governor of Arizona violated Indiana's Open Door Law. The City seeks resolution of these claims through the entry of summary judgment. Anderson opposes that motion.

For the reasons explained in this Entry, the City's motion for summary judgment [13] is **granted**.

### I. Summary Judgment Standard

A motion for summary judgment must be granted Αif the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the *Federal Rules of Civil Procedure*. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A genuine issue of fact can defeat a motion for summary judgment only if the question of fact is material. A "material fact" is one that "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248. A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no ∧genuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record that comply with the requirements of Rule 56(c)(1), the following facts are undisputed for purposes of the motion for summary judgment.

*1. Council Meeting Public Comment Rules*

The City Code of Bloomington ("Code") sets forth an order of business for regular Bloomington Common Council ("Council") meetings. Title 2, Article V, Chapter 2.04.380 (Order of business at regular session). As part of that order of business, members of the public are permitted to speak on matters of community concern not listed on the agenda at one of the two times set aside for reports from the public. *Id.* The first period allows a maximum of twenty minutes and the second allows a maximum of twenty-five minutes. *Id.* The Code provides that "[c]itizens may speak at one of these periods, but not both. Speakers are allowed five minutes; this time allotment may be reduced by the presiding officer if numerous people wish to speak." *Id.*

The Council Rules ("*Rules*") explain that reports from the public "are intended to be statements from speakers; speakers may not engage the Council in a question-and-answer exchange" during the meeting. Rule 5 of the Council Rules. Aside from the time constraints, the Council "encourages civility in public discourse and requests that speakers refrain from language which would incite an immediate breach of the peace; refrain from undue repetition, extended discussion of irrelevancies, obscenity, and personal attacks against private individuals unrelated to the operation of the City." Rule 6 of the Council Rules. The *Rules* "are intended to foster a fair, respectful, and productive meeting," and any person who violates the rules "will be declared out of order" by the chairperson. If a person persists in violating the rules, he "may be removed from the meeting." *Id.*

*2. Anderson Speaks*

Anderson spoke at the City Council meeting on September 22, 2010, October 6, 2010, and April 6, 2011. On each occasion, Anderson was allowed to speak on the

subject of his choice for the full time allotted. Anderson was removed from a Council meeting on April 6, 2011, because he refused to leave the podium when his time had expired.

*3. May 17, 2010 Letter to Arizona*

After a citizen made a suggestion in the public comment section of the May 5, 2010, Council meeting, Council Member Sturbaum asked a Council deputy administrator and researcher to draft a letter for him expressing his opposition to Arizona Bill 1070. Council Member Sturbaum asked that the draft letter be emailed to other Council members as well as the Mayor and City Clerk to see if they wished to sign the letter. The letter was signed by those who wished to sign it and it was mailed to the Governor of Arizona on or about May 17, 2010.

The letter was not discussed in a meeting by a majority of the Council. The letter was read at a meeting open to the public on June 2, 2010. The minutes from the June 2, 2010, Council meeting were approved by vote and signed during the following Council meeting on June 16, 2010. The minutes of the June 2, 2010, meeting indicate that the letter was sent to the Governor of Arizona and the letter was appended to the minutes. The signed minutes of the Council's June 2, 2010, meeting were open for public inspection and copying beginning on June 17, 2010.

### B.   Analysis

Anderson argues that the *Rules* that restrict the amount of time a citizen can speak and that prohibit a question and answer exchange at Council meetings are unconstitutional because they violate his First Amendment rights to interact with elected officials. He also alleges that he was unjustly removed from a Council meeting and seeks to have the *Rules* relating to public comment abolished.

The City asserts that the public comment portion of the Council is a limited public forum, citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983). Regardless of whether the Council is classified as a public forum or as a limited public forum, if the *Rules* are "a content-neutral time, place, or manner regulation, [they] can survive as a reasonable exercise of governmental authority, regardless of which speech-forum category applies." *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 783 (7th Cir. 2011)(internal quotation omitted). "[L]aws that confer benefits or impose burdens on speech without reference to the ideas or views expressed are in most instances content neutral." *Turner Broadcasting System, Inc. v. F.C.C.*, 512 U.S. 622, 643 (1994).

Anderson contends that as long as he does not seek to cause physical harm against anyone, he should not be limited in any way in his efforts to express his opinions at Council meetings. Anderson's view of constitutional protection is too expansive. None of the *Rules* restrict any particular viewpoint. Rather, the *Rules* are aimed at a speaker's conduct. Rules that focus on a speaker's *manner* of speech

rather than on the *content* of the speech do not violate the Constitution. *See Milestone*, 665 F.3d at 783 (city rules for a senior citizen center which required that patrons treat everyone with respect and courtesy, prohibited abusive, vulgar, or demeaning language, and required that patrons treat center personnel with respect did not violate the First Amendment). Similarly to *Milestone*, the purpose of the *Rules* is to "encourage civility in public discourse" and to "foster a fair, respectful, and productive meeting." The *Rules* prohibit a speaker from engaging in undue repetition, obscenity, and personal attacks against private individuals. None of these "restrictions" prohibit Anderson, or any other individual, from expressing his views on matters of public concern.

The *Rules'* time restrictions are written to be flexible, while also allowing each meeting to be completed within a reasonable amount of time. Each speaker is allowed five minutes to express his or her opinions, but if a large number of people wish to speak, the Council has the discretion to reduce that amount of time. Regardless of whether or not the Council members agree with a speaker's viewpoint, the same time restrictions apply. Anderson was removed from the April 2011 meeting only when he continued speaking after he had been told by the Council President three times that his time had expired. Anderson's insistence on speaking beyond his time allotment was disruptive of the meeting. The Council President properly asked that Anderson be escorted out of the meeting because of his refusal to comply with the *Rules* after the Council President had three times brought the pertinent restriction from those *Rules* to Anderson's attention. Having viewed the video of the April 6, 2011, Council meeting, the Court is aware that before Anderson was removed, he had the opportunity to express his opinion on a number of matters. He told the Council several times that he had filed a tort claim against the Council for unconstitutional actions. He expressed his anti-Islam views, stated that the Council should have called for public comment before sending a letter on the Arizona matter, and complained that the Council's time limitations were too short. After Anderson finished speaking, Council President stated on the record that the public had ample opportunities, including email, in which to communicate with the Council and to have a voice in community matters.

To allow each speaker to talk endlessly with no guidelines as to their manner of speech would defeat the reasonable governmental purpose of conducting a civil and productive meeting. Anderson has pointed to no rule restriction that is based on the content of his speech. The rules properly limit the time and manner of each speaker's expressions, not the content. Under these circumstances, the *Rules* pass constitutional muster and will not be "abolished." Anderson has shown no violation of his First Amendment rights and the City is entitled to summary judgment on this claim.

As to the letter that was sent by some of the City officials to the Governor of Arizona, Anderson alleges that the letter was an act of treason. He alleges that the letter was unlawful because there was no town meeting approving the letter before it was sent. This claim has been construed as one asserting a violation of Indiana's

Open Door Law, IND. CODE ' 5-14-1.5-1 *et seq. See* Docket 10, Order on Initial Pretrial Conference, ¶3 (July 18, 2011).

The Indiana Open Door Law requires that meetings of governing bodies of public agencies be open to the public to observe and record them. IND. CODE ' 5-14-1.5-3. Any action based on a violation of the Open Door Law must be brought within thirty (30) days of the date the plaintiff knew or should have known that the act complained of occurred. IND. CODE ' 5-14-1.5-7(b); *City of Jeffersonville v. Environmental Management Corp.*, 954 N.E.2d 1000, 1009-1011 (Ind.Ct.App. 2011); *Pettit v. Indiana Alcoholic Beverage Comm'n*, 511 N.E.2d 312, 316 (Ind.Ct.App. 1987). The minutes of the meeting that discussed the letter concerning Arizona's anti-illegal immigration statute were available for public review on June 17, 2010. This is the date Anderson knew or should have known about the letter. Anderson filed a tort claim notice in January of 2011, and filed this lawsuit in the Monroe Circuit Court on May 2, 2011. Both of these dates are well beyond the thirty-day time period. Anderson's complaint asserting a violation of the Open Door Law was not timely filed. Accordingly, this claim is time-barred and the court will not address it on the merits. *City of Jeffersonville*, 954 N.E.2d at 1009.

### III. Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998). Indeed, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained." *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir. 1983). In such cases, summary judgment is appropriate. Anderson has not identified a genuine issue of material fact as to his claims against the City. Accordingly, the City's motion for summary judgment [13] must be **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   06/06/2012

Distribution:

BRUCE M. ANDERSON
1444 Arlington Park Drive,
Apt. 516
Bloomington, IN 47404

All Electronically Registered Counsel

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana